UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANIEL THOMAS HARVEY,

Petitioner,

v.

AARON D. FORD, *et. al*,

Respondents.

Case No. 3:19-cv-00312-MMD-CBC

ORDER

Before the Court is Petitioner Harvey's amended petition for writ of habeas corpus. (ECF No. 4.) According to his petition, Harvey seeks relief from a Nevada conviction entered in 2004 on one count each of battery with a deadly weapon and assault with a deadly weapon. (*Id.* at 4, 83.) The state court sentenced Harvey to a term of 12 to 30 months in the Nevada State Prison for the assault and a consecutive term of 24 to 60 months for the battery. (*Id.*) The sentence for the battery was suspended with Harvey to be placed on probation for a period not to exceed five years. (*Id.*)

This Court's habeas corpus jurisdiction depends upon Harvey being "in custody" as a result of the conviction and sentence he seeks to challenge. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488 (1989). Custody is tested at the time of filing the petition; that is, a person must be in custody, under the conviction or sentence attacked, at the time he files the petition. *See Maleng*, 490 U.S. at 490-92. A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement. *See id.*

///

| | |
|---|---|
| 1 | Harvey initiated this proceeding in June 2019. (ECF No. 1.) His amended petition |
| 2 | for habeas corpus relief indicates that he "expired his probation in the State of Nevada" |
| 3 | in 2009. (ECF No. 4 at 2.) The Court also takes judicial notice of online records for the |
| 4 | Nevada Department of Corrections (https://ofdsearch.doc.nv.gov/form.php) which |
| 5 | indicate that Harvey's assault sentence expired in early 2006. That is consistent with final |
| 6 | sentence expiration date of 2009 on the battery count. Accordingly, the conviction and |
| 7 | resulting sentence Harvey seeks to challenge appear to have expired approximately ten |
| 8 | years ago and Harvey's petition contains no credible allegations to the contrary. |
| 9 | Also, while collateral consequences might prevent a petition filed while "in custody" |
| 10 | from later becoming moot (*see, e.g.*, *Zal v. Steppe*, 968 F.2d 924, 926 (9th Cir. 1992)), |
| 11 | they are not capable of satisfying the "in custody" requirement for a petitioner whose |
| 12 | sentence has been completely discharged prior to the filing of the petition. *See Maleng*, |
| 13 | 490 U.S. at 492. Consequently, this Court lacks jurisdiction over Harvey's application for |
| 14 | habeas relief. |
| 15 | It is therefore ordered that the amended petition for writ of habeas corpus (ECF |
| 16 | No. 4) is dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to |
| 17 | enter judgment accordingly. |
| 18 | It is further ordered that a certificate of appealability is denied as reasonable jurists |
| 19 | would not find this Court's decision debatable or wrong. |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | |

It is further ordered that the Clerk of Court is directed to add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for Respondents and electronically serve upon Respondents a copy of the amended petition for writ of habeas corpus (ECF No. 4) and a copy of this order. No response or appearance by the Respondents is necessary.

DATED THIS 5th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE